E. P. JEWETT v. F. J. DEITER.

*Award. Parol Evidence.*

The plaintiff was interested in an estate as executor and also as legatee to the extent of one-third of the income, and the defendant was entitled to the other two-thirds; under an arrangement between them, the plaintiff resigned and the defendant was appointed administrator; arbitrators decided what sum was to be paid annually to the plaintiff, and he assigned by writing under seal his interest in the estate to the defendant; *Held,* that parol evidence was admissible to prove the defendant's personal promise to pay the plaintiff $400, which he had expended on the property of the estate prior to the assignment; and also the facts and circumstances which induced the making of the award and agreement.

ASSUMPSIT. Trial by court, September Term, 1886, POWERS, J., presiding. Judgment for the plaintiff.

It appeared that the plaintiff was one of the executors of the will of T. J. Hubbard; that he had been in the management of the estate for some years, was entitled as legatee under the will to one-third of the net income from the estate and the defendant to the other two-thirds, after deducting some small legacies; that plaintiff filed his account as executor for the year ending August 1, 1885, in the Probate Court, and before the same was passed on by the court, proposed to the defendant, as he, the plaintiff, was getting old, to resign and make no objection to the appointment of the defendant an administrator *de bonis non* with the will annexed; but before this was done he wanted it fixed in some way so that he should receive a fixed sum each year under the will; and accordingly the parties by mutual consent submitted the same to arbitration, and an award was made in the premises, of which the following is a copy:

"The undersigned having considered the matter submitted to us by E. P. Jewett of the one part and F. J. Dietur of the other part, as to the sum and amount the said Jewett shall have

from the estate of Timothy J. Hubbard, deceased, yearly for one-third of the income of the property of said estate during the lifetime of the said Jewett, as provided in the last will of the said Hubbard, to decide and award ; that said Jewett shall have and receive and be paid from said estate each and every year of the lifetime of said Jewett the sum of $400 and in that proportion for any fractional part of a year, the first payment thereof to be made on the first day of August, A. D. 1886, and thereafter on the first day of August each year for the term and period aforesaid.

" Dated at Montpelier this seventh day of September, A. D. 1885."

On September 28, 1885, the plaintiff signed a writing under seal, of which the following is a copy :

" In consideration of $400 to be paid me according to the aforesaid award and of the purchase from the executors of the lands owned by the estate of T. J. Hubbard in Waterville, Eden and Belvidere in the County of Lamoïlle by the said F. J. Dietur, I hereby for myself and my heirs and assigns cove-nant and agree to abide by said award, and do hereby sell, assign and transfer to the said F. J. Dietur all my interest in and to and under the will of the said T. J. Hubbard except the sum of four hundred dollars to be paid me annually as pro-vided by the aforesaid award."

It was conceded that in 1885 the plaintiff repaired some tenements in the brick block in Montpelier owned by the estate at an expense of $1,500 or $1,600 whereby the rental of that property was increased in the sum of $225, and that this ex-pense had been paid from the income of the estate. The plain-tiff's evidence tended to show that as part of the settlement above referred to the defendant, in view of the fact that he was to receive all the income of the estate after August 1st, 1885, and the repairs aforesaid were to enure to the defendant's benefit, he agreed to pay the plaintiff $400, to make up the loss of income the plaintiff had suffered prior to August 1st, 1885, by reason of making such repairs ; that this sum, though less than one-third of such repairs, was agreed upon and in consid-

eration of the terms of the settlement aforesaid and as part of it the defendant promised to pay him this sum. The defendant conceded that it was agreed that the plaintiff should be paid this sum, but claimed it was to be paid by the estate and not by him individually.

The court found the agreement as claimed by the plaintiff. The court ruled that the division of income earned prior to August 1, 1885, should be made under the provisions of the will, and after that date the award was to be operative. The defendant claimed that the agreement of September 28th could not be disputed by parol proof; that the plaintiff's evidence tending to show the agreement to pay the $400 on account of the repairs was not admissible; but the court ruled otherwise.

*Geo. W. Wing*, for the plaintiff.

*S. C. Shurtleff*, for the defendant.

The opinion of the court was delivered by

ROYCE, Ch. J.    This was an action of assumpsit, trial by court, and judgment for plaintiff. The only item of claim made by the plaintiff upon the trial about which there was any dispute was the item of 400 dollars referred to in the exceptions; and inasmuch as it appears that the defendant conceded that the plaintiff was to be paid that sum, the only controversy concerning it seems to have been whether it should be paid out of the estate or by the defendant personally. The plaintiff claimed that it was agreed that he should be paid that sum in consideration of the repairs he had made upon property that belonged to the estate of Hubbard, and that the defendant promised to pay him. The court found the agreement as the plaintiff claimed; and that finding is conclusive, if it was based upon competent evidence.

The defendant claims that the evidence introduced to support the finding was incompetent for the reason that it varied the

written agreement of September 28th. That agreement is operative to transfer to the defendant all the interest that the plaintiff then had in and to and under the will of T. J. Hubbard, except the sum of 400 dollars to be paid to him annually as provided by the award before that time made. It did not profess to transfer any claim that the plaintiff had against the defendant personally. The 400 dollar claim did not accrue to the plaintiff by virtue of or under the will of T. J. Hubbard, but was against the defendant personally and based upon his agreement and promise to pay. The claim not having been transferred by that agreement, the evidence objected to and admitted did not have a tendency to alter or vary it.

The defendant further claimed that said agreement covered all rent earned and not collected prior to August 1st, 1885. We think the construction the court put upon the agreement was correct. It should be construed in connection with the award made and such other facts and circumstances as induced and influenced the making of the award and agreement. The award was to be prospective in its operation, and provided for the future income the plaintiff was to receive from the Hubbard estate; the first payment to be made on the first day of August, and each year thereafter; leaving the past income to which he was entitled to be adjusted and paid as provided by the will.

The only matter that appears to have been submitted to the arbitrators was for them to fix and determine the amount that should be paid to the plaintiff yearly as his portion of the income of the estate of Hubbard; and that was the only matter determined by the award. The defendant demanded the agreement as a guarantee that the plaintiff would abide by the award and as evidence that he had no further or other claim to the estate than the payments provided for by the award. It was not intended and should not be construed as embracing income earned prior to August 1st, 1885, to which the plaintiff was entitled under the will.

We do not find that any error occurred upon the trial; but

as the amount of the judgment to which the plaintiff is entitled has not been ascertained, the judgment is *pro forma* reversed. and cause remanded.